# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

|  |  |
|---|---|
| STATES OF INDIANA, ARKANSAS, ALABAMA, FLORIDA, GEORGIA, IDAHO, IOWA, MISSOURI, OHIO, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, UTAH, AND VIRGINIA,<br><br>           Petitioners,<br><br>  v.<br><br>FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,<br><br>           Respondents. | Case No. 24-2983 |

## PETITIONERS' POSITION CONCERNING THE CONSOLIDATION ORDER ENTERED IN MCP NO. 191

The Court should not transfer this case to the First Circuit because the order challenged here is not the "same order" referenced in the September 18, 2024, consolidation order issued by the U.S. Judicial Panel on Multidistrict Litigation ("JPML"). Alternatively, if the Court finds a transfer appropriate, it should stay the transfer pending the First Circuit's ruling on Securus Technologies, LLC's motion to transfer its petition to the Fifth Circuit.

# BACKGROUND

## A. Procedural History

The FCC has long regulated the provision of incarcerated people's communications services ("IPCS") under 47 U.S.C. 276. In 2023, Congress amended Section 276 with the passage of the Martha Wright-Reed Act ("MWRA"), prompting the FCC to initiate a rulemaking process to implement the Act. Report and Order ¶ 21.

On July 18, 2024, the FCC adopted a Report and Order, Order on Reconsideration, Clarification and Waiver, and Further Notice of Proposed Rulemaking. These orders were published separately and on different dates by the Federal Register. On August 26, 2024, the Order on Reconsideration, Clarification and Waiver was published in the Federal Register. That August 26 Order only resolved petitions pending before the FCC with regard to regulations that had already been adopted. The FCC then published the Report and Order on September 20, 2024. *Incarcerated People's Communication Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Services*, 89 Fed. Reg. 77,244 (Sept. 20, 2024). The September 20 Order implements the MWRA and is the subject of Petitioners' challenge. Petitioners filed a petition for review of that order to this Court on September 30, 2024.

Separately, other parties filed petitions for review to challenge the August 26 Order. Specifically, Securus filed a petition for review of that Order in the Fifth Circuit on September 4, 2024. Other parties followed suit. On September 5, 2024, The Direct Action for Rights and Equality ("DARE"), Pennsylvania Prison Society ("PPS"), and Criminal Justice Reform Clinic ("CJRC") filed petitions for review in the First, Third, and Ninth Circuits, respectively. *See* Notice of Multicircuit Petitions for Review (Sept. 16, 2024) (attached hereto, with the petition schedule and individual petitions, as Exhibit A).

After these petitions for review were filed, the FCC provided notice of those petitions to the JPML pursuant to 28 U.S.C. 2112(a)(3). On September 18, 2024, the JPML randomly selected the First Circuit as the designated forum and entered a consolidation order in *MCP No. 191*.[1] But the First Circuit is now considering whether it actually has jurisdiction over the petitions for review filed by DARE, PPS, and CJRC. On October 3, 2024, the First Circuit requested that those parties show cause for why their petitions should not be dismissed in whole or in part by

---

[1] *See* Consolidation Order, *In re: MCP 191*, No. 24-8028 (1st Cir. Sept. 18, 2024), Entry ID 6670703.

October 17, 2024.[2]   Additionally, Securus filed a motion to transfer to the Fifth

Circuit on September 27, 2024.[3]

**B. The Lottery Statute**

Federal law provides a process for consolidating the review of an agency

order under 28 U.S.C. 2112.  Consolidation occurs when "proceedings" concerning

"the same order" are "instituted in two or more courts of appeals."  28 U.S.C.

2112(a).  If multiple proceedings are instituted within 10 days of the issuance of an

order, the agency must notify the JPML, which then randomly designates one court

of appeals to receive the record.  The JPML subsequently issues an order

consolidating the petitions for review in that court.  28 U.S.C. 2112(a)(1), (3).

If a second proceeding is commenced outside the ten-day period provided by

statute, no lottery is triggered, and the agency must "file the record in the court in

which proceedings with respect to the order were first instituted."  28 U.S.C.

2112(a)(1).  Whether the record is filed pursuant to the lottery process or where a

proceeding was first instituted, all subsequent "proceedings" concerning the "same

order" must be "transfer[ed]" to "the court in which the record is so filed."  28

---

[2] *See* Orders to Show Cause, *In re: MCP 191*, No. 24-8028 (1st Cir. Oct. 3, 2024), Entry ID 6672171, 6672175 6672177.
[3] *See* Securus's Mot. to Transfer, *In re: MCP 191*, No. 24-8028 (1st Cir. Sept. 27, 2024), Entry ID 6670732.

U.S.C. 2112(a)(5). That court then has the authority to transfer the case "[f]or the convenience of the parties in the interest of justice." *Id.*

## ARGUMENT

The August 26 Order and September 20 Order are not the "same order." Accordingly, this Court should not order a transfer to the First Circuit pursuant to 28 U.S.C. 2112(a)(5). Alternatively, this Court should stay any transfer pending the First Circuit's ruling on Securus's motion to transfer.

## I.    The August 26 Order and September 20 Order are not the Same Order.

While the FCC adopted multiple orders in the same document on July 18, 2024, that does not mean that each distinct order is part of the "same order." The August 26 Order and September 20 Order were separately titled, published in the Federal Register at different times, and reviewable on separate dates. *See* 28 U.S.C. 2344 ("Any party aggrieved by the final order may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies."); *Consumer Elecs. Ass'n v. F.C.C.*, 347 F.3d 291, 296 (D.C. Cir. 2003) (noting that "entry" occurs after publication in the Federal Register).

Moreover, while both orders broadly concern IPCS, they are fundamentally different. The August 26 Order is less than 10 pages, and it's narrowly tailored to address the petitions of four parties—Hamilton Relay, Inc., the United Church of Christ and Public Knowledge, NCIC, and Securus. Order on Reconsideration,

Clarification and Waiver ¶ 1. Those petitions concern issues regarding an earlier FCC Order and its impact on regulations that have been in effect since November 30, 2020. *See, e.g.*, 47 C.F.R. 64.6030, 64.6080, 64.6090.[45] In contrast, the September 20 Order spans over 250 pages and introduces new regulations that fundamentally overhaul the framework governing IPCS. Report and Order ¶ 3 ("The Report and Order fundamentally reforms the regulation of IPCS"). Indeed, "differences in the regulations prescribed" by the "two orders" confirm that they are not the same order. *Midwest Video Corp. v. United States*, 362 F.2d 259, 261 (8th Cir. 1966).

A few circuits have broadly interpreted the same order language to consolidate separate orders arising from the same docket or administrative proceeding. *See ACLU v. F.C.C.*, 486 F.2d 411, 413 (D.C. Cir. 1973). But those holdings are based on the underlying policy of Section 2112, *id*. at 414, and those policy interests are not determinative where the relationship between orders is not "sufficiently close." *ITT World Commc'ns, Inc. v. F.C.C.*, 621 F.2d 1201, 1209 (2d Cir. 1980).

---

[4] *See* Pet. for Waiver, WC Docket No. 12-375 (Aug. 30, 2021), https://www.fcc.gov/ecfs/document/10830227993038/1.
[5] *See* Pet. for Clarification, WC Docket No. 12-375 (Sept. 17, 2021), https://www.fcc.gov/ecfs/document/109170039603182/1.

Indeed, the cases where such orders are consolidated share a theme not present in this case: the consolidated orders *implement* regulations that respond to the same legally significant event. For example, in *ACLU v. F.C.C.*, the D.C. Circuit consolidated challenges to separate orders implementing regulations arising from the FCC's newly recognized ancillary authority over cable television. *ACLU*, 486 F.2d at 413; *see also United States v. Sw. Cable Co.*, 392 U.S. 157, 178 (1968) (holding for the first time that the FCC's authority over broadcast television provided ancillary authority to regulate cable television). And in *Bell Atlantic Telephone Cos. v. F.C.C.*, the D.C. Circuit also consolidated challenges to two separate Reports and Orders that constituted "a single agency undertaking to implement the provisions in the Telecommunications Act of 1996." *Bell Atl. Tel. Cos. v. F.C.C.*, No. 96-1333, 1996 WL 734326, at *1 (D.C. Cir. Nov. 25, 1996). Neither Report and Order addressed individual petitions concerning previous orders of the FCC.

In this case, only the September 20 Order approved regulations that implement the MWRA. The August 26 Order does not implement any regulations, and it concerns petitions that were pending long before the passage of the MWRA. An order should be "sufficiently 'final' to serve as the starting bell" for the lottery process. *ITT World Commc'ns*, 621 F.2d at 1204. Because the August 26 Order merely addresses individualized grievances from a prior rulemaking process, it is

not the same as the September 20 Order implementing the MWRA.  Accordingly, this case should not be subject to a mandatory transfer.  28 U.S.C. 2112(a)(5).

## II.    The Court Should Stay a Transfer Pending the First Circuit's Ruling on Securus's Motion to Transfer.

If the Court determines that the August 26 and September 20 Orders are the same, it should stay the transfer until the First Circuit rules on Securus's motion to transfer to the Fifth Circuit.  Securus argues for this transfer "in the interest of justice" because the other parties to the lottery submitted facially invalid petitions for review.  28 U.S.C. 2112(a)(5).[6]

In short, the Hobbs Act permits a "party aggrieved" by a final order to file a petition for review—yet three of the four petitioners to the original lottery admit that the August 26 Order did not aggrieve them.  28 U.S.C. 2344.  DARE explicitly states "it does not claim to be separately aggrieved by the limited portion of the Order published on August 26, 2024."[7]  Similarly, PPS[8] and CJRC[9] only seek to

---

[6] *See* Securus's Mot. to Transfer, *In re: MCP 191*, No. 24-8028 (1st Cir. Sept. 27, 2024), Entry ID 6670732.

[7] *See* Pet. for Review at 2, *Direct Action for Rts. & Equal. v. F.C.C.*, No. 24-1814 (1st Cir. Sept. 5, 2024), Entry ID 6665820.

[8] *See* Pet. for Review at 2, 4, *Pa. Prison Soc'y v. F.C.C.*, No. 24-2647 (3d Cir. Sept. 5, 2024), Entry ID 6670740.

[9] *See* Pet. for Review at 2-3, *Crim. Just. Reform Clinic v. F.C.C.*, No. 24-5438 (9th Cir. Sept. 5, 2024), Entry ID 6670733.

challenge the FCC's determination that providers may recover safety and security costs in their rates. This determination was made in the September 20 Order—not the August 26 Order. Report and Order ¶ 339.

When a party challenges an order under the Hobbs Act before it is published in the Federal Register, it is incurably premature. *See Consumer Elecs. Ass'n*, 347 F.3d at 296-97; *Council Tree Commc'ns, Inc. v. F.C.C.*, 503 F.3d 284, 287 (3d Cir. 2007) ("We have no jurisdiction to consider an incurably premature petition for review."). Thus, because those petitions seek to challenge an unpublished order, they are incurably premature. If the First Circuit dismisses them, it will likely transfer Securus back to the Fifth Circuit, where its petition would have stayed but for a lottery triggered by invalid petitions. *See JL Simmons Co. v. NLRB*, 425 F.2d 52, 55 (7th Cir. 1970) (holding that, when a consolidated challenge is in a forum based on the petition of a party whose aggrievement was "insignificant," the interest of justice supports a transfer to where "the party who is substantially aggrieved ha[d] petitioned for review").

The "same order" rule would then require that this case be transferred to the Fifth Circuit. 28 U.S.C. 2112(a)(5). Therefore, in the interest of the judicial economy, the Court should stay any transfer to avoid the inefficiency of having this case transferred twice under the same statutory provision. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental

to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

## Conclusion

The Court should hold that the August 26 Order and September 20 Order are not the same order and deny a transfer to the First Circuit. Alternatively, this Court should stay a transfer pending Securus's motion to transfer to the Fifth Circuit.

Dated: October 15, 2024

Respectfully Submitted,
TIM GRIFFIN
Arkansas Attorney General
DYLAN L. JACOBS
Deputy Solicitor General
DREW BYDALEK
Solicitor General Fellow
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-2007
dylan.jacobs@arkansasag.gov

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the requirements of Fed. R. App. P. 32(c) because it has been prepared in 14-point Times New Roman font, using Microsoft Word.

I further certify that this PDF file was scanned for viruses, and no viruses were found on the file.

/s/ *Dylan L. Jacobs*
Dylan L. Jacobs

**CERTIFICATE OF SERVICE**

I certify that on October 15, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

/s/ *Dylan L. Jacobs*
Dylan L. Jacobs

# Exhibit A

# NOTICE TO THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION OF MULTICIRCUIT PETITIONS FOR REVIEW

IN RE: Federal Communications Commission, *Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act*, FCC 24-75 (released July 22, 2024; published in part in the Federal Register on August 26, 2024)

No. __-____

## NOTICE OF MULTICIRCUIT PETITIONS FOR REVIEW

Pursuant to 28 U.S.C. § 2112(a)(3) and the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the Federal Communications Commission hereby provides notice of four petitions for review, filed in four different courts of appeals, of the same final agency action. *See Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act*, FCC 24-75 (released July 22, 2024), 89 Fed. Reg. 68,369 (Aug. 26, 2024).

Each petition for review was filed within ten days after publication of a portion of the challenged order in the Federal Register, and the FCC received each petition from its respective petitioner within that ten-day period. Specifically, we note the following regarding the petitions filed in

1

the First Circuit, by Petitioner Direct Action for Rights and Equality, and in the Ninth Circuit, by Petitioner Criminal Justice Reform Clinic.

Under the FCC's rules, a petitioner must—by 5:30 p.m. Eastern Time on the tenth day after publication of the challenged order in a rulemaking proceeding—email the FCC's Office of General Counsel a copy of its petition for review "as filed and date-stamped by the court of appeals within which it was filed." 47 C.F.R. § 1.13(a)(1); *see id.* § 1.4(b)(1). The FCC has further stated that, "[i]f a date-stamped copy of the petition is not available because the court accepts only electronic filing of petitions for review, it is acceptable to obtain a form of the petition that proves the date on which it was filed." *Office of General Counsel Announces July 25, 2016 Effective Date of New FCC Rule Regarding Notice of Litigation by Email; Updates Guidance for Litigants Seeking to invoke the Judicial Lottery Procedure*, 31 FCC Rcd 7275, 7276 (2016).

Petitioners Direct Action for Rights and Equality and Criminal Justice Reform Clinic served on the Commission by 5:30 p.m. on September 5, 2024—the deadline under Section 1.13 of the agency's rules—copies of their petitions and proof of filing and acceptance by the First and Ninth Circuit Courts of Appeals, respectively. However,

2

because of delays by the Courts of Appeals in processing these petitions, copies of the petitions were not available through ECF with an ECF-dated header until later. (Both petitioners provided the FCC copies of their petitions from ECF once they were available.) Because the parties complied with the governing Circuit rules for filing petitions and provided proof of filing to the FCC before the 5:30 p.m. deadline set forth in Section 1.13(a) of the agency's rules, we have identified their petitions for inclusion in the "random selection" process prescribed under 47 U.S.C. § 2112(a)(3). *See Loc. Union 36, Int'l Bhd. of Elec. Workers, AFL-CIO v. N.L.R.B.*, 631 F.3d 23, 29 (2d Cir. 2010) ("Local Union 36's service on the NLRB of the petition for review, accompanied by the date-stamped email in which it was filed, within ten days thus satisfied the requirements of section 2112(a)(2)."); *see also In re FERC*, No. MCP 175, 2024 WL 1596933, at *2 (U.S. Jud. Pan. Mult. Lit. Apr. 11, 2024) (citing *Local Union 36*); *In re FERC*, 341 F. Supp. 3d 1378, 1380 n.2 (U.S. Jud. Pan. Mult. Lit. 2018) (same).

As required by Panel Rule 25.2, we submit with this notice: (1) a schedule (Attachment A) listing the petitions for review; (2) copies of each petition (Attachment B); and (3) the order the petitioners are challenging (Attachment C). In accordance with Panel Rule 25.3, as indicated in the

3

attached certificate of service, the FCC is serving this notice on the clerks of the courts where the petitions for review have been filed, as well as on counsel for all parties in the petitions for review.

Dated:  September 16, 2024                    Respectfully submitted,

                                              /s/  Jacob M. Lewis

                                              P. Michele Ellison
                                              michele.ellison@fcc.gov
                                                  *General Counsel*
                                              Jacob M. Lewis
                                              jacob.lewis@fcc.gov
                                                  *Deputy General Counsel*
                                              Sarah Citrin
                                              sarah.citrin@fcc.gov
                                                  *Assistant Deputy General Counsel*
                                              Matthew J. Dunne
                                              matthew.dunne@fcc.gov
                                                  *Counsel*
                                              FEDERAL COMMUNICATIONS
                                                  COMMISSION
                                              45 L Street NE
                                              Washington, DC 20554
                                              (202) 418-1740
                                              fcclitigation@fcc.gov

**SCHEDULE REQUIRED BY RULE 25.2 OF THE RULES OF PROCEDURE OF THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Date of order's release: July 22, 2024

Date of Federal Register publication of portions of the order addressing petitions for reconsideration, clarification, and waiver: August 26, 2024

| Case Name | Circuit Court | Docket Number | Filing Date | Date received by FCC |
|---|---|---|---|---|
| *Direct Action for Rights and Equality v. Federal Communications Commission and United States of America* | First Circuit | 24-1814 | September 5, 2024 | September 5, 2024* |
| *Pennsylvania Prison Society v. Federal Communications Commission and United States of America* | Third Circuit | 24-2647 | September 5, 2024 | September 5, 2024 |
| *Securus Technologies, LLC v. Federal Communications Commission and United States of America* | Fifth Circuit | 24-60454 | September 4, 2024 | September 4, 2025 |
| *Criminal Justice Reform Clinic v. Federal Communications Commission and United States of America* | Ninth Circuit | 24-5438 | September 5, 2024 | September 5, 2024* |

---

* See Notice of Multicircuit Petitions of review regarding the timing of these petitions.

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

DIRECT ACTION FOR RIGHTS AND
EQUALITY,

*Petitioner*,

v.

FEDERAL COMMUNICATIONS
COMMISSION and UNITED STATES,

*Respondents*.

No._____

**Received Electronically**
**September 5, 2024**
**United States Court of Appeals**
**For the First Circuit**

**PETITION FOR REVIEW**

Pursuant to 5 U.S.C. § 702, 42 U.S.C. § 402(a), 28 U.S.C. §§ 2342(1) and 2344, and Federal Rule of Appellate Procedure 15(a), Direct Action for Rights and Equality ("DARE") hereby petitions this Court to review the Report and Order, Order on Reconsideration, Clarification, and Waiver of Respondent Federal Communications Commission ("FCC") captioned *In the Matter of Incarcerated People's Communication Services; Implementation of the Martha-Wright Reed Act; Rates for Interstate Inmate Calling Services*, WC Docket Nos. 23-62 & 12-375, FCC 24-75 (released July 22, 2024) ("Order") (Ex. A).

The complete Order has yet to be published in the Federal Register. However, on August 26, 2024, a small portion of the Order was published in the Federal Register. *See* 89 Fed. Reg. 68,369 (Aug. 26, 2024) (Ex. B). The published portion of the Order addresses petitions for reconsideration, clarification, and waiver. The remainder of the Order—including its key substantive provisions—has yet to be published in the Federal Register.

Given the limited publication at this date, DARE believes that the Order is not yet reviewable. However, to safeguard its rights in pursuing litigation, DARE is filing a protective

petition at this time to ensure that it is entitled to review, in the event that the Order is deemed now reviewable.

Venue is proper in this Court pursuant to 28 U.S.C. § 2342(1) because DARE's principal place of business is 340 Lockwood Street, Providence, Rhode Island 02907. DARE submitted comments in the underlying proceeding before the FCC and is aggrieved by the Order itself not the published excerpts) within the meaning of 28 U.S.C. § 2344, although DARE does not claim to be separately aggrieved by the limited portion of the Order published on August 26, 2024.

The Order implements the Martha Wright-Reed Just and Reasonable Communications Act of 2022, Pub. L. No. 117-338, 136 Stat. 6156 (2023) (codified at 47 U.S.C. §§ 152–153, 276), which required the FCC to establish a compensation plan for incarcerated people's communication service ("IPCS") providers and to adopt rate caps for incarcerated people's audio and video communication services.

The Act amended the Communications Act of 1934, 47 U.S.C. § 151 *et seq.*, by mandating that all rates and charges fir incarcerated people's communication services be just and reasonable; by expanding the FCC's authority over IPCS beyond traditional payphone service in correctional institutions to also encompass advanced communication services, such as video; by eliminating the requirement that individuals utilizing incarcerated people's communications services—both incarcerated individuals and their families—pay providers on a per-call basis; and by directing the FCC to complete a rulemaking to implement the Act's requirements. But the Order adopted by the FCC maintains some of the very barriers to keeping families connected that Congress passed the Act to eliminate. In particular, the FCC declined to adopt certain consumer protection measures and permitted the recovery of safety and security costs that are not used and useful in the provision of IPCS through its regulated rate caps.

Accordingly, DARE seeks review of the Order on the grounds that it is arbitrary,

capricious, an abuse of discretion, and/or otherwise contrary to law within the meaning of the

Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*  DARE respectfully requests that the Court

hold aspects of the Order unlawful and remand the matter to the FCC for further proceedings.


Dated: September 5, 2024                          Respectfully submitted,

                                                  */s/ Jessica Ring Amunson*
                                                  Jessica Ring Amunson
                                                  Jenner & Block LLP
                                                  1099 New York Ave, N.W. Suite 900
                                                  Washington, D.C. 20001
                                                  (202) 639-6000
                                                  jamunson@jenner.com

                                                  *Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petition for Review was served on

September 5, 2024, by e-mail on the following:

P. Michelle Ellison
General Counsel
Federal Communications Commission
45 L Street NE
Washington, DC 20554
LitigationNotice@fcc.gov


I hereby certify that a copy of the foregoing Petition for Review was served on

September 5, 2024, by first-class mail on the following:

Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530


*/s/ Jessica Ring Amunson*
Jessica Ring Amunson

*Before the*

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

...

| | | |
|---|---|---|
| Pennsylvania Prison Society, | ) | |
|     Petitioner, | ) | |
|     v. | ) | |
| Federal Communications Commission | ) | No. 24- |
|     and the | ) | |
| United States of America, | ) | |
|     Respondents. | ) | |

## PETITION FOR REVIEW

Pursuant to 47 U.S.C. §402(a), 28 U.S.C. §§2342(1) and 2344, and Rule 15(a) of the Federal Rules of Appellate Procedure, the Pennsylvania Prison Society (PPS) seeks review of one aspect of the attached Order of the Federal Communications Commission ("FCC" or "Commission"), *Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act, Rates for Interstate Inmate Calling Services, Report and Order, Order on Reconsideration, Clarification and Waiver, and Further Notice of Proposed Rulemaking*, Docket No. 12-375 and Docket No. 23-62 (released July 22, 2024)("*Order*").

On August 26, 2024, a synopsis of a small portion of the *Order* was published in the Federal Register at 89 Fed. Reg. 68369 (August 26, 2024). (Attachment A.) A copy of the entire *Order,* most of which has yet to be published in the Federal Register, is attached as Exhibit B to this Petition.

As is explained below, this petition for review is being filed as a protective matter because PPS believes that only the portion published in the Federal Register on August 26, 2024 is reviewable at this time; the one portion of the *Order* as to which PPS seeks review has not been published in the Federal Register.  In the event this or another Court deems the entire *Order* to be reviewable at this time, this protective petition for review would be operative.[1]

As the title of the *Order* indicates, it encompasses a "*Report and Order*" adopting regulations implementing the Act, as well as a short and wholly segregable *"Order on Reconsideration, Clarification and Waiver*."  The August 26, 2024 Federal Register publication is limited to providing a "Synopsis" of the *Order on Reconsideration, Clarification and Waiver*, which is set out in paragraphs 599-607 (on pages 319-322) of the *Order*.  To date, the text and rules constituting the *Report and Order*, which appear at paragraphs 1-598 (pages 3-319) and Appendix A

---

[1] PPS understands that at least one petition for review of the *"Order on Reconsideration, Clarification and Waiver* portion of the *Order* has been filed. PPS believes that to the extent such other petition or petitions for review do not relate to the *Report and Order* portion of the *Order*, they have no bearing on the timing or venue of this or any other petition for review of the *Report and Order* portion of the *Order* as may be filed subsequent to the Federal Register publication of the *Report and Order* portion of the *Order*.  However, as a protective matter, PPS intends to submit this petition for review for random selection pursuant to 28 U.S.C. §2112(a) in the event that any of these other petitions for review are treated as qualifying for such random selection as may implicate the *Report and Order* portion of the *Order*.

(pages 334-352) of the *Order* have not been published in the Federal Register.

Venue in this Court is proper under 28 U.S.C. §2343.  This petition is timely with respect to the August 26, 2024 Federal Register publication because it is being filed within the 60 day deadline established in 28 U.S.C. §2344.  It is also timely with respect to the random selection procedures set out in 28 U.S.C. §2112(a)(1), as it is being filed within ten days of the August 26, 2024 Federal Register publication.

The *Report and Order* portion of the *Order* implements the Martha Wright-Reed Martha Wright-Reed Just and Reasonable Communications Act of 2022, Pub. L. No. 117-338, 136 Stat. 6156 (the Act.  That statute significantly expands the Commission's jurisdiction over incarcerated people's communications services (IPCS) and directs the Commission to "establish a compensation plan to...ensure just and reasonable charges for interstate and intrastate telephone and advanced communications services in correctional and detention facilities."[2]  The *Report and Order* portion of the *Order* adopts, *inter alia,* regulations governing charges for audio and video communications ICPS services.

PPS supports almost all the findings, rulings and regulations adopted in the *Report and Order* portion of the *Order*.  However, PPS does seeks review of one portion of the *Report and Order* on the grounds that it was arbitrary and capricious,

---

[2] *Id.*, pmbl.

an abuse of discretion, or otherwise not in accordance with law. Specifically, PPS challenges the determination allows IPCS providers to recover certain safety and security costs in their rates.

PPS is a non-profit corporation operating pursuant to Section 501(c)(3) of the Internal Revenue Code. It was founded in 1787 by this country's founding fathers out of the notion that even though a person is incarcerated they still deserve the same dignity and respect that every person deserves.[3] The Society enjoys statutory access to correctional facilities across the commonwealth where it is able to monitor prison conditions, interview residents about conditions and work to keep families together during incarceration. In addition, the Society focuses on legislative measures related to these conditions and works with key stakeholders on strategies to address them.

The Society maintains a helpline through which people incarcerated in Pennsylvania can report issues. The vast majority of calls to the Society's helpline, as well as from resident interviews, implicate serious conditions, including poor or substandard health care and failures to provide assistive devices and aids. The Society resolves many of these reports administratively by working directly with

---

[3] *See Pennsylvania Prison Society v. Cortes*, 622 F.3d 215, 229 (3d Cir. 2010).

jail and prison officials.  The Society also utilizes these reports in its broader work to improve conditions in facilities wholesale.  Legislators, advocates, and other interested parties work directly with the Society on these broader reform efforts.  For these reasons, it is imperative that incarcerated people and their loved ones have low-cost and unimpeded access to the Society's helpline.

PPS' mission is to protect the health, safety, and dignity of incarcerated people and their families.  The ability to have contact, to have a family relationship is central to the dignity of incarcerated people and their families.  Excessive phone rates impede those relationships and thereby impair PPS' mission.

PPS was a party to the rulemaking proceeding from which review is sought.  It will be injured if IPCS providers are allowed to recover excessive and inappropriate costs through their rates.  Excessive phone call rates historically impeded PPS' access to incarcerated persons, including by increasing the cost for incarcerated people to call PPS, and the cost PPS has had to pay when accepting collect phone calls from incarcerated persons.  Sometimes, incarcerated people cannot afford to call the Society's helpline and must instead resort to mail or other, slower forms of communication.  Similarly, family members and friends often cannot afford to speak with their incarcerated

PPS respectfully requests that the Court hold the contested portion of the

*Order* unlawful and vacate, enjoin and set aside those provisions of the *Order* and

grant all such further relief as may be just and proper.

Respectfully submitted,

/s/ Andrew Jay Schwartzman

Andrew Jay Schwartzman
525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com

September 4, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2024, I electronically filed the foregoing Petition for Review with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the Court's appellate CM/ECF system. I further certify that service was accomplished on all participants in the case via the Court's CM/ECF system.

I further certify that I have served the following by email:

P. Michele Ellison
General Counsel
Federal Communications Commission
Washington, DC 20554
FCCLitigation@fcc.gov

I further certify that I have served the following by US mail, postage prepaid:

Hon. Merrick Garland
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Respectfully submitted,

/s/ Andrew Jay Schwartzman

525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

SECURUS TECHNOLOGIES, LLC,

*Petitioner*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*.

No. 24-60454

> U.S. COURT OF APPEALS
> RECEIVED
> **08/30/2024**
> FIFTH CIRCUIT

## PETITION FOR REVIEW

Pursuant to 5 U.S.C. §§ 702-704, 706, 47 U.S.C. § 402(a), 28 U.S.C. §§ 2342(1) and 2344, and Rule 15(a) of the Federal Rules of Appellate Procedure, Securus Technologies, LLC ("Securus") hereby petitions this Court for review of an order of the Federal Communications Commission ("Commission"). *See* Report and Order, Order on Reconsideration, Clarification and Waiver, and Further Notice of Proposed Rulemaking, *Incarcerated People's Communication Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Services*, WC Docket Nos. 23-62 & 12-375, FCC 24-75 (rel. July 22, 2024) ("*Order*") (Ex. A).

On August 26, 2024, the portion of the *Order* resolving petitions for reconsideration, clarification, and waiver was published in the Federal Register.

*See* 89 Fed. Reg. 68,369 (Aug. 26, 2024) (Ex. B).[1]  Among the petitions the
Commission resolved were Securus' petition for waiver and its petition for
clarification, each of which the Commission denied.  *See Order* ¶¶ 604-607; *see
also* 89 Fed. Reg. at 68,369-70, 68,375.

This Court has jurisdiction pursuant to 47 U.S.C. § 402(a) and 28 U.S.C.
§ 2342(1).  This petition is timely filed within 60 days of the publication of the
*Order* in the Federal Register on August 26, 2024.  *See* 28 U.S.C. § 2344.  Securus
has its principal office in this judicial circuit.  Venue is therefore proper in this
Court under 28 U.S.C. § 2343.

Securus seeks relief on the grounds that the Commission's denials of its
clarification and waiver petitions were arbitrary, capricious, and an abuse of
discretion within the meaning of the Administrative Procedure Act and are
otherwise contrary to law and unsupported by substantial evidence.  This Court
should grant the petition; hold unlawful, vacate, enjoin, and set aside the denials of
Securus' clarification and waiver petitions; and grant such additional relief as may
be necessary and appropriate.

---

[1] The remaining portions of the *Order* — including an order promulgating
new regulations (which includes information redacted from the public version of
the *Order*) and a further notice of proposed rulemaking — have not yet been
published in the Federal Register.

Respectfully submitted,

/s/ *Scott H. Angstreich*

Michael H. Pryor                          Scott H. Angstreich
BROWNSTEIN HYATT FARBER          Justin B. Berg
  SCHRECK, LLP                           Jordan R. G. González
1155 F Street N.W. Suite 1200      KELLOGG, HANSEN, TODD,
Washington, D.C. 20004                FIGEL & FREDERICK, P.L.L.C.
(202) 389-4706                          1615 M Street, N.W., Suite 400
mpryor@bhfs.com                       Washington, D.C. 20036
                                                (202) 326-7900
                                                sangstreich@kellogghansen.com
                                                jberg@kellogghansen.com
                                                jgonzalez@kellogghansen.com

*Counsel for Securus Technologies, LLC*

August 30, 2024

## CERTIFICATE OF ELECTRONIC SUBMISSION

I hereby certify that: (1) any required privacy redactions have been made; (2) the electronic submission of this document is an exact copy of any corresponding paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus-scanning program and is free from viruses.

/s/ *Scott H. Angstreich*
Scott H. Angstreich
*Counsel for Securus Technologies, LLC*

August 30, 2024

# CERTIFICATE OF SERVICE

I hereby certify that, on August 30, 2024, I caused to be filed electronically the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system.  I further certify that, on this day, a copy of the foregoing was served on the individuals listed below by United States first-class mail:

Merrick B. Garland
Attorney General
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

P. Michele Ellison
General Counsel
Federal Communications Commission
Office of the General Counsel
45 L Street, N.E.
Washington, D.C. 20554


/s/ *Scott H. Angstreich*
Scott H. Angstreich
*Counsel for Securus Technologies, LLC*

`                                          No.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRIMINAL JUSTICE REFORM CLINIC, | PETITION FOR REVIEW OF FCC DECISION |
| Petitioner, | |
| v. | |
| FEDERAL COMMUNICATIONS COMMISSION AND THE UNITED STATES OF AMERICA, | |
| Respondents, | |

Pursuant to 47 U.S.C. § 402(a), 28 U.S.C. §§ 2342(1) and 2344, and Rule 15(a) of the Federal Rules of Appellate Procedure, the Criminal Justice Reform Clinic ("CJRC") hereby petitions for review of the attached Order of the Federal Communications Commission ("FCC" or "Commission"), *Incarcerated People's Communication Services; Implementation of the Martha Wright-Reed Act, Rates for Interstate Inmate Calling Services, Report and Order, Order on Reconsideration, Clarification and Waiver, and Further Notice of Proposed Rulemaking*, WC Docket Nos. 12-375 & 23-62 (rel. July 22, 2024) ("*Order*") (Att. A).

This petition for review is being filed as a protective matter. CJRC believes that only the portion of the *Order* published in the Federal Register on August 26, 2024, is reviewable at this time. *See* 89 Fed. Red. 68,369 (Aug. 26, 2024) (Att. B). The portion of the *Order* which CJRC seeks to challenge (a section of the *Report and Order*) has not yet been published in the Federal Register. However, in the event this or another Court deems the entire *Order* to be reviewable at this time, this protective petition for review would be operative.

Because this and other petitions for review of this decision were filed in multiple appellate circuits, petitioners respectfully advise the Court that it anticipates 28 U.S.C. § 2112(a)(3) will result in a referral to the judicial panel on multidistrict litigation.

Venue is proper in this Court under 28 U.S.C. § 2343. CJRC's principal place of business is located in Portland, Oregon, in this judicial circuit and CJRC participated in the agency proceedings. This petition is timely with respect to the August 26, 2024, Federal Register publication because it is being filed within the 60-day deadline established by 28 U.S.C. § 2344. It is also being filed within the 10-day deadline established by the Hobbs Act, 28 U.S.C. § 2112(a)(1).[1]

---

[1] CJRC understands that at least one petition for review of the *Order on Reconsideration, Clarification and Waiver* portion of the *Order* has been filed. CJRC believes that to the extent such other petition or petitions for review do not relate to the *Report and Order* portion of the *Order*, they have no bearing on the timing or venue of this or any other petition for review of the *Report and Order* portion of the *Order* as may be filed subsequent to the Federal Register publication of the *Report and Order*

CJRC was a party in the rulemaking proceeding from which relief is sought and seeks review of challenged portions of the *Order* on the grounds that they were arbitrary and capricious, an abuse of discretion, or otherwise contrary to law. Specifically, CJRC seeks review on the grounds that the *Order* arbitrarily and capriciously determined that communications security services are used and useful in the provision of incarcerated people's communications services.

CJRC regularly represents adults in custody in Oregon's twelve prisons which are located throughout the state. CJRC students and staff speak with incarcerated clients in clemency and parole matters, incarcerated youth in matters involving court access, and collaborators on legislative projects. The CJRC relies on the Oregon Department of Corrections' communications services daily to serve its clients in pursuit of these goals. The CJRC also provides legal information and navigation to hundreds of adults in custody, many of whom are incarcerated over 200 miles away from the CJRC and do not have viable legal alternatives. Furthermore, the prohibitive cost barrier for incarcerated family communications causes CJRC to take on a role as an intermediary between incarcerated individuals and their loved ones. This additional burden strains the CJRC's already limited time and resources and hinders its ability to provide services

---

portion of the *Order*. However, as a protective matter, CJRC intends to submit this petition for review for random selection pursuant to 28 U.S.C. §2112(a) in the event that any of these other petitions for review are treated as qualifying for such random selection as may implicate the *Report and Order* portion of the *Order*.

to its clients and the incarcerated community at large. Through its rate-setting activities, the Commission directly impacts the CJRC's ability to effectively represent its clients and provide assistance to inquirers.

CJRC respectfully requests that the Court hold unlawful, enjoin, and set aside the contested portions of the *Order*, and grant all such further relief as may be just and proper.

DATED: September 5, 2024

                              Respectfully submitted,

                              *s/ Amy E. Potter*
                              AMY E. POTTER, OSB No. 231794
                              Angeli Law Group LLC
                              121 SW Morrison Street, Suite 400
                              Portland, Oregon 97204

                              *s/ Aliza Kaplan*
                              Criminal Justice Reform Clinic
                              10101 S. Terwilliger Blvd.
                              Portland, Oregon 97219 USA
                              503-768-6600
                              akaplan@lclark.edu

## CORPORATE DISCLOSURE STATEMENT

Pursuant to the United States Court of Appeals for the Ninth District Rule 26.1 and Federal Rule of Appellate Procedure 26.1, the Criminal Justice Reform Clinic (CJRC), an assumed business name of Lewis & Clark College, respectfully states it is a non-profit organization with no parent companies, subsidiaries or affiliates and that none of them have issued shares to the public.

CJRC is a law school clinic that represents and advocates for incarcerated individuals in the back end of the criminal legal system.

DATED: September 5, 2024

Respectfully submitted,

*s/ Amy E. Potter*
AMY E. POTTER, OSB No. 231794
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204

*s/ Aliza Kaplan*
Criminal Justice Reform Clinic
10101 S. Terwilliger Blvd.
Portland, Oregon 97219 USA
503-768-6600
akaplan@lclark.edu

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for the United States Court of Appeals for the Ninth Circuit by using the appellate

CM/ECF system on September 5, 2024.

> I certify that I served respondents via email:
> P. Michele Ellison
> General Counsel
> Federal Communications Commission
> Washington, D.C. 20554
> FCCLitigation@fcc.gov

I further certify that I have served the following by US mail, postage prepaid:

Hon. Merrick Garland
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

DATED: September 5, 2024.

> *s/ Amy E. Potter*
> AMY E. POTTER, OSB No. 231794
> Angeli Law Group LLC
> 121 SW Morrison Street, Suite 400
> Portland, Oregon 97204

# IN THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## PROOF OF SERVICE

I, Jacob M. Lewis, hereby certify that on September 16, 2024, I electronically filed the foregoing Notice to the Judicial Panel on Multidistrict Litigation of the Multicircuit Petitions for Review with the Clerks of the United States Courts of Appeals for the First, Third, Fifth, and Ninth Circuits by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Jacob M. Lewis

Jacob M. Lewis
jacob.lewis@fcc.gov
Deputy General Counsel

Federal Communications
Commission
45 L Street, N.E.
Washington, D.C. 20554
(202) 418-1740
fcclitigation@fcc.gov

| | |
|---|---|
| Maria R. Hamilton, Clerk of Court<br>United States Court of Appeals for the First Circuit<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way<br>Suite 2500<br>Boston, MA 02210<br>(617) 748-9057<br>www.ca1.uscourts.gov | Patricia S. Dodszuweit, Clerk of Court<br>United States Court of Appeals for the Third Circuit<br>21400 U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA 19106<br>(215) 597-2995<br>www.ca3.uscourts.gov |
| Lyle W. Cayce, Clerk of Court<br>United States Court of Appeals Fifth Circuit<br>Office of the Clerk<br>F. Edward Hebert Building<br>600 S. Maestri Place<br>New Orleans, LA 70130-3408<br>(504) 310-7700<br>www.ca5.uscourts.gov | Molly Dwyer, Clerk of Court<br>Office of the Clerk<br>United States Court of Appeals for the Ninth Circuit<br>P.O. Box 193939<br>San Francisco, CA 94119-3939<br>(415) 355-8000<br>www.ca9.uscourts.gov |
| Jessica Ring Amunson<br>jamunson@jenner.com<br>JENNER & BLOCK LLP<br>1099 New York Ave. N.W. Suite 900<br>Washington, D.C. 20001<br>(202) 639-6000<br><br>*Counsel for: Direct Action For Rights And Equality* | Andrew Jay Schwartzman<br>AndySchwartzman@gmail.com<br>525 Ninth Street NW<br>Seventh Floor<br>Washington, DC 20004<br>(202) 241-2408<br><br>*Counsel for: Pennsylvania Prison Society* |

| | |
|---|---|
| Amy Elizabeth Potter<br>amy@angelilaw.com<br>ANGELI LAW GROUP<br>121 SW Morrison Street<br>Suite 400<br>Portland, OR 97204<br>(503) 954-2232<br><br>*Counsel for: Criminal Justice Reform Clinic* | Scott H. Angstreich<br>sangstreich@kellogghansen.com<br>KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.<br>Suite 400<br>1615 M Street, N.W.<br>Sumner Square<br>Washington, DC 20036<br>(202) 326-7959<br><br>*Counsel for:  Securus Technologies, L.L.C.* |
| Professor Aliza B. Kaplan<br>akaplan@lclark.edu<br>Lewis & Clark Law School<br>10101 S Terwilliger Boulevard<br>Portland, OR 97219<br>(503) 768-6721<br><br>*Counsel for: Criminal Justice Reform Clinic* | Robert Nicholson<br>robert.nicholson@usdoj.gov<br>Antitrust Division<br>Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>(202) 514-2460<br><br>*Counsel for: United States of America* |
| Michael H. Pryor<br>mpryor@bhfs.com<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>1155 F Street NW<br>Suite 1200<br>Washington, DC 20004<br>(202) 389-4706<br><br>*Counsel for:  Securus Technologies, LLC* | |